**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

YUAN FANG,

        Plaintiff,

v.

STATE OF NEW JERSEY, N.J. DEPT.
OF TRANSPORTATION, AND JOHN
DOES 1-10,

        Defendants.

Civil Action No. 12-5095 (MAS) (DEA)

**MEMORANDUM OPINION**

---

**SHIPP, District Judge**

This matter comes before the Court upon Defendant State of New Jersey, Department of Transportation's ("Defendant" or "DOT"), Motion to Dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Def.'s Mot., ECF No. 7-1.) Plaintiff Yuan Fang ("Ms. Fang" or "Plaintiff") filed Opposition on January 28, 2013. (Pl.'s Opp'n, ECF No. 10.) On January 31, 2013, Defendant filed its Reply. (Def.'s Reply, ECF No. 11.) On July 11, the Court heard oral argument on the motion. The Court has carefully considered the submissions and each party's arguments. For the reasons stated below, and other good cause shown, Defendant's Motion to Dismiss as to Counts I, II, III, V, and VI, is granted with prejudice.

**I.    Background**

Ms. Fang has been an employee at the DOT since January 2001. (Compl. ¶ 1, ECF No. 1.) In May 2004, she was transferred from the Office of Internal Audit to the Division of Aeronautics "as the Grants Manager for that Division." (Compl. ¶ 2.) As Grants Manager, Ms. Fang "was responsible for managing all funds and monies received by the Division of

Aeronautics towards general aviation programs." (Compl. ¶ 4.) Sometime thereafter, Ms. Fang was allegedly directed to process misappropriated funds. (Compl. ¶¶ 6-14.) She allegedly resisted and was therefore disciplined. (Compl. ¶¶ 9, 11-14.)

In November 2005, Ms. Fang filed a complaint with the New Jersey Division on Civil Rights ("DCR"), "alleging discrimination and retaliation for complaining." (Pl.'s Opp'n 3, ECF No. 10.) On March 8, 2007, before the DCR issued its determination, Ms. Fang filed a complaint in the New Jersey Superior Court under the Conscientious Employee Protection Act, N.J. Stat. Ann. §§ 34:19-1 to -14 ("CEPA"). (Def.'s Cert., Ex. 1, ECF No. 7-2.) The Court granted Defendant's motion to dismiss on August 17, 2007, and provided that Plaintiff could file an amended complaint. (Def.'s Cert., Ex. 3, Tr. 3:1-10.) On July 23, 2008, Plaintiff filed an amended Superior Court CEPA complaint. (Def.'s Cert., Ex. 2, ECF No. 7-2.) The Superior Court dismissed the action on November 21, 2008. (Def.'s Cert., Ex. 3, Tr. 5.) The trial judge stated:

> LAD's election of remedies provision bars an individual from bringing a judicial action while a DCR action is on the same ground and claim is pending. And that's *Chu v. W. Inventory Services*, 2004 U.S. District. And that's Lexis 17480 (D.N.J 2004). . . . The plaintiff was given another chance to make a valid CEPA claim, has attempted to do so by filing an amended complaint, eliminating some of her contentions about the retaliatory acts in response to the LAD violations. However, while the wording was different, the song remains the same. The facts and incidents prompting both the LAD and CEPA claims are distilled to be fundamentally the exact same complaints. On that ground, this Court appropriately . . . grants the motion to dismiss.

(Def.'s Cert., Ex. 3, Tr. 5:1-6, 14-25.) In effect, the trial court found that the Plaintiff's pending DCR action estopped judicial action regarding the same factual allegations. Plaintiff subsequently filed an appeal to the New Jersey Superior Court Appellate Division after the time period to appeal had already expired. (Def.'s Cert., Ex. 10, at 9 n.2, ECF No. 7-3.)

Shortly after the Superior Court's decision, on December 15, 2008, the DCR dismissed Plaintiff's claims, finding no probable cause. (Def.'s Cert., Ex. 8, ECF No. 7-3.) The DCR's detailed "Findings of the Investigation" included that there was "no . . . evidence or information to support the conclusion that Complainant's internal discrimination complaint was a factor in Respondent's decision to file the insubordination charges against her." (*Id.* at 6.) Moreover, the DCR otherwise found no evidence of discrimination or retaliation by the Defendant. (*Id.*) On January 21, 2011, the Civil Service Commission denied Plaintiff's appeal of the DCR's determinations. (Def.'s Cert., Ex. 4, ECF No. 7-2.) Its comprehensive decision concluded by providing, "[t]his is the final administrative determination in this matter. Any further review should be pursued in a judicial forum." (*Id.* at 9.) Ms. Fang did not appeal the Civil Service Commission's determination to the New Jersey Superior Court Appellate Division. (Def.'s Cert., Ex. 10, at 7.)

On December 10, 2012, the Appellate Division affirmed the Superior Court's dismissal. (*Id.* at 17.) The decision reflected that the Appellate Division granted Plaintiff leave to file an appeal out of time and decided the appeal on the merits. (*Id.* at 9 n.2.) The Appellate Division framed the question before the Court as: "whether plaintiff is free to litigate her claims of retaliation in the Law Division, on an alternative legal theory founded upon substantially overlapping factual allegations, having already failed to prove retaliation before the DCR." (*Id.* at 9-10.) The Appellate Division concluded, "[w]e agree with the trial court that she is not entitled to do so." (*Id.* at 10.)

Plaintiff now brings suit in federal court, seeking relief under CEPA based on factual allegations similar to her previous DCR and state court actions.

3

II.     **Legal Standard & Analysis**

The Court conducts a three-part analysis when considering a Rule 12(b)(6) motion. "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The Court, however, must disregard any conclusory allegations proffered in the complaint. *Id.* Finally, the Court must then determine whether the "facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

As Plaintiff stipulated to dismissal of Counts II, III, V, and VI at oral argument, this Court limits discussion to Plaintiff's CEPA claim ("Count I").[1] Defendant moves to dismiss Count I by invoking issue preclusion and the *Rooker-Feldman* doctrine. Here, the Court finds Plaintiff's CEPA claim to be issue-precluded and discussion of the *Rooker-Feldman* doctrine is therefore unnecessary.

There are four prerequisites that must be satisfied to invoke issue preclusion: "(1) the issue sought to be precluded [is] the same as that involved in the prior action; (2) that issue [was] actually litigated; (3) it [was] determined by a final and valid judgment; and (4) the determination [was] essential to the prior judgment." *Burlington N. R.R. Co. v. Hyundai Merch. Marine Co., Ltd.*, 63 F.3d 1227, 1231-32 (3d Cir. 1995) (quoting *In re Graham v. Internal Revenue Serv.*, 973 F.2d 1089, 1097 (3d Cir. 1992)) (alterations in original).

---

[1] Defendant's Motion to Dismiss did not seek dismissal of Count IV, which is Plaintiff's Family and Medical Leave Act claim.

4

To determine preclusion, the Court must look to state law. *See McNasby v. Crown Cork and Seal Co., Inc.*, 888 F.2d 270, 271 (3d Cir. 1989). New Jersey statutory law gives claimants the choice of filing suit in either the New Jersey Superior Court or with the DCR. A DCR determination is "final" and "shall exclude any other action, civil or criminal, based on the same grievance." N.J. Stat. Ann. §§ 10:5-13, 27. Nonetheless, a dissatisfied claimant has judicial recourse. A party to a DCR complaint "may appeal to the Appellate Division of the Superior Court under N.J.S.A. 10:5-21." *Pittman v. LaFontaine*, 756 F. Supp. 834, 842 (D.N.J. 1991).

Here, because Plaintiff took "advantage of the administrative route which is swifter and less expensive than . . . pursuing a claim in superior court, [the New Jersey statute] prohibits other judicial remedies." *Id.* In addition, Plaintiff did not appeal the DCR's final agency decision. Previously, where a claimant was similarly unsatisfied with a DCR decision but failed to appeal, this Court has denied "a second bite at the apple." *Ferrara v. Tappan Co.*, 722 F. Supp. 1204, 1206 (D.N.J. 1989).

Plaintiff in the present case chose to file a DCR complaint. Rather than waiting for the DCR's decision, Plaintiff filed a complaint with the Superior Court under CEPA while the DCR matter was still under investigation. Litigation and motion practice then ensued in state court. The state court judge subsequently dismissed the action, finding that "[t]he facts and incidents prompting both the [DCR complaint] and CEPA claims are distilled to be fundamentally the exact same complaints." (Def.'s Cert., Ex. 10, at 9.) The appellate division denied Plaintiff's appeal for similar reasons. (*Id.*)

Rather than appeal the DCR's decision to the Appellate Division as provided for in the statute, Plaintiff filed the current federal court complaint. Paragraphs one through fifteen of Plaintiff's Complaint contain essentially the same factual allegations as the amended complaint

she filed in state court. (*See* Compl. ¶¶ 1-15.) Paragraph seventeen summarizes the types of conduct that Defendant allegedly committed after her prior claims had been dismissed. (Compl. ¶ 17.) Aside from allegations that Defendant violated the Family and Medical Leave Act (the "FMLA"), Plaintiff does not articulate any type of conduct that had not already been alleged to the DCR and the state court. (*See* Compl. ¶ 17.) Finally, paragraphs eighteen through thirty-four consist merely of recent examples of the same type of conduct Plaintiff had alleged in her prior claims. (*See* Compl. ¶¶ 18-34.)

Here, Plaintiff's Complaint contains additional factual allegations covering the 2011-12 timeframe that were not included in her previous complaints. Plaintiff's factual allegations, however, substantially overlap, largely concern the time frame covered by her previous complaints, and simply expand on the exact same types of allegations raised before the DCR and the state courts. A comparison of the present Complaint to Plaintiff's previous complaint demonstrates the same. Moreover, Plaintiff's Complaint specifically references "the periods of July 2005 through present day." (Compl. ¶ 17.) Similar to the Appellate Division, this Court finds Plaintiff's most recent claims to be issue-precluded.

In opposition, Plaintiff attempts to invoke the continuing violation doctrine. (Pl.'s Opp'n 12.) Even if a particular form of discrimination is "continuing," however, as long as the issues to be litigated are "precisely the same," re-litigation is collaterally estopped. *Giammario v. Trenton Bd. of Educ.*, 203 N.J. Super. 356, 364-65 (App. Div. 1985). Although Plaintiff may have subsequently experienced similar conduct, the issue as to whether or not the alleged conduct is retaliatory has already been litigated.

Additionally, Plaintiff cites three sources of law, all of which are inapplicable. (Pl.'s Opp'n 12-14.) The first and second, *Roa v. LAFE*, 200 N.J. 555 (2010), and *National Railroad*

*Passenger Corp. v. Morgan*, 536 U.S. 101 (2002), consider when a statute of limitations may be tolled, and not whether an issue has already been litigated. The third source, The Lilly Ledbetter Fair Pay Act of 2009, applies only to "compensation decisions and not other discrete employment decisions." *Noel v. The Boeing Co.*, 622 F.3d 266, 274 (3d Cir. 2010). Plaintiff does not articulate any facts that indicate discriminatory payment decisions; other decisions that may affect pay, such as "promotion decisions," are outside the scope of the statute. *Id.*

Moreover, 28 U.S.C. § 1738 "requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 466 (1982). Therefore, Plaintiff is precluded from pleading Count I, which was already pled and dismissed in state court. Based on the foregoing, and for other good cause shown, the Court GRANTS Defendant's Motion to Dismiss.

### III.  Conclusion

For the reasons set forth above, and for other good cause shown, it is hereby ordered that Defendant's Motion to Dismiss Counts I, II, III, V, and VI, is granted with prejudice. An Order will be entered consistent with this Opinion.

s/ Michael A. Shipp<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**

Dated:  July 31, 2013