**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| YUAN FANG, | : |
| | : |
| | : |
| | : |
| Plaintiff, | :  Civil Action No. 12-5095 (MAS) (DEA) |
| | : |
| v. | : **REPORT AND RECOMMENDATION** |
| | : |
| | : |
| STATE OF NEW JERSEY, *et al.,* | : |
| | : |
| Defendants. | : |
| | : |

ARPERT, Magistrate Judge

This matter comes before the Court *sua sponte* based on Plaintiff's failure to comply with certain Court Orders and otherwise prosecute this case. For the reasons set forth below, it is respectfully recommended that this matter be **DISMISSED WITH PREJUDICE**.

I.      BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her Complaint on August 13, 2012, alleging various claims against Defendants arising out of Plaintiff's employment with the New Jersey Department of Transportation ("NJDOT"). *See* Dkt. No. 1.  On December 17, 2012, Defendants filed a Motion to Dismiss Counts I, II, III, V and VI pursuant to Federal Rule of Civil Procedure 12(b)(6) [Dkt. No. 7], which was granted by the Court on July 31, 2013 [Dkt. No. 16]. On June 6, 2014, Attorney Herbert J. Tan filed an unopposed Motion to withdraw as counsel for Plaintiff. *See* Dkt. No. 22. The Court granted Attorney Tan's Motion to withdraw on July 9, 2014, and allowed Plaintiff twenty-one days to obtain new counsel. *See* Dkt. No. 23.

The Court convened an in-person status conference on August 19, 2014, which Plaintiff did not attend. *See* Dkt. No. 24. On August 22, 2014, the Court entered an Order directing

1

Plaintiff to appear before the Court on September 12, 2014, and instructed Plaintiff that if she failed to appear, her Complaint would be recommended for dismissal.[1] *See* Dkt. No. 25. Plaintiff did not appear before the Court on September 12, 2014, and to date, Plaintiff has not entered an appearance or in any way communicated with the Court.

## II.   DISCUSSION

The Federal Rules of Civil Procedure authorize courts to impose sanctions for failure to provide discovery, obey court orders and/or prosecute a case.  *See* Fed. R. Civ. P. 37(b)(2), 41(b).  Where such failures have occurred, dismissal may be an appropriate penalty.  *Id.* Generally, in determining whether to impose an involuntary order of dismissal, the Court considers the factors set forth in *Poulis v. State Farm Casualty Co.*, 747 F.2d , 863, 868 (3d Cir. 1984).  These factors include:

> (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

*Id.*  No single *Poulis* factor is determinative and dismissal may be appropriate even if some of the factors are not met. *See Mindek v. Rigatti,* 964 F.2d 1369, 1373 (3d Cir. 1992); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988).

The Court considers the *Poulis* factors in determining whether to recommend the dismissal of this matter with prejudice. The Court notes that despite being directed to do so on more than one occasion, Plaintiff has failed to appear before the Court since the withdrawal of her attorney, which she did not oppose. The Court has not received any communication or

---

[1] A copy of the Court's August 22, 2014 Order was served on Plaintiff via Certified and Regular mail. *See* Dkt. No. 26.

2

response from Plaintiff, even after the possible dismissal of this action was threatened. Accordingly, for the reasons that follow, the Court finds that based on the present circumstances, the *Poulis* factors support the dismissal of this matter with prejudice.

### 1. Plaintiff's Personal Responsibility

In this case the Court finds Plaintiff to be personally responsible for her failure to comply with the Court's Orders directing Plaintiff to appear on August 19, 2014 and September 12, 2014. Although Plaintiff was initially represented by counsel in this action, Plaintiff's counsel made a Motion to withdraw, which Plaintiff did not oppose or respond to in any way. When the Motion to withdraw was granted August 9, 2014, Plaintiff was allowed twenty-one days to obtain new counsel, after which Plaintiff would be deemed *pro se*. Plaintiff did not obtain counsel and is, therefore, proceeding *pro se*.

While Plaintiff now proceeds *pro se*, that status does not insulate Plaintiff from personal responsibility. *See, e .g. Shandex Indus. Inc. v. Vent Right Corp.,* No. 09–4148, 2011 WL 6132439, at *4 (D.N.J. Dec. 8, 2011) (holding the defendant, a *pro se* litigant, personally responsible for failure to comply with court orders and failure to appear without explanation); *Hoxworth v. Blinder, Robinson & Co., Inc.,* 980 F.2d 912, 920 (3d Cir. 1992) (noting that, as *pro se* litigants, defendants "had personal responsibility for the conduct of the litigation"). Rather, Plaintiff's *pro se* status renders her solely responsible for the prosecution and pursuit of her case. *See Balla v. Vortez,* No. 10–104, 2011 WL 1749928, at *2 (D.N.J. May 6, 2011) ("Plaintiff chose to proceed *pro se* and, therefore, bears sole responsibility for the prosecution of his claims and compliance with the rules of discovery and this Court's orders.").

Since the withdrawal of her attorney, to which Plaintiff did not object, Plaintiff has not entered an appearance or complied with the Court's Orders directing her to appear. Though the

Court has not received any correspondence from Plaintiff in response to the Motion of her attorney to withdraw or the Court's Orders directing Plaintiff to appear, a copy of Mr. Tan's Motion and copies of the Court's subsequent Orders were mailed to Plaintiff at her home address and there is no indication that any of the above were returned. Therefore the Court finds that Plaintiff's failure to comply with the Orders of this Court directing Plaintiff to appear is solely attributable to Plaintiff. Accordingly, the Court finds that this factor weighs in favor of dismissal.

### 2. Prejudice to Defendants

Plaintiff's failure to comply with this Court's Orders has caused manifest injustice to Defendants. Despite the fact that Plaintiff initiated this action, the Court cannot discern any effort on behalf of Plaintiff to prosecute this case after the withdrawal of her attorney. This is true despite Orders from this Court requiring action on the part of Plaintiff. Plaintiff's failure participate in this matter has made it impossible for Defendants to effectively defend against Plaintiff's claims. Plaintiff's failures, and the prejudice caused to Defendants as a result of Plaintiff's failures, support the dismissal of this case with prejudice. *See, e.g., Scarborough v. Eubanks,* 747 F.2d 871, 876 (3d Cir. 1984).

### 3. History of Dilatoriness

Plaintiff has a history of dilatoriness. On two separate occasions Plaintiff failed to appear before the Court as ordered. Plaintiff did not appear for the in-person status conference on August 19, 2014 and Plaintiff again failed to appear on September 12, 2014, even though Plaintiff was warned that her failure to appear could result in the dismissal of her case. In the approximately ten months since Plaintiff's counsel moved to withdraw, the Court has not received any communication from Plaintiff or indication that she intends to prosecute her case.

Plaintiff's repeated inaction and failure to comply with the Court's Orders supports the dismissal of her claims with prejudice.

### 4. Willfulness or Bad Faith

There is no indication before the Court that Plaintiff has proceeded in bad faith. However, the Court does find that Plaintiff's conduct has been willful. Plaintiff's repeated disregard of the Orders of this Court supports a finding of willfulness and supports the dismissal of Plaintiff's Complaint.

### 5. Effectiveness of Alternative Sanctions

Plaintiff's record of unresponsiveness and failure to participate in this matter, despite Orders from this Court directing her to do so, suggests that alternative sanctions would be futile. Despite being instructed to appear before the Court for an in-person status conference on August 19, 2014, Plaintiff failed to do so without providing any explanation or justification for that failure to the Court. Moreover, even after being directed by the Court that a failure to appear before the Court on September 19, 2014 could result in this dismissal of her case, Plaintiff again failed to appear or communicate with the Court in any way. Accordingly, the Court finds that alternative sanctions would not be effective *See Williams v. Sullivan,* No. 08–1210, 2011 WL 2119095, at *8 (D.N.J. May 20, 2011), *adopted by,* 2011 WL 2112301 (D.N.J. May 25, 2011), *aff'd,* 506 F. App'x 156 (3d Cir.2012) (concluding that, "alternative sanctions would not prompt [p]laintiff to comply with his discovery obligations given his refusal to comply thus far even after being placed on notice that sanctions may be imposed.").

### 6. Meritoriousness of the Claims

In addressing the meritoriousness of a pleading, courts generally consider whether "the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would

constitute a complete defense." *Poulis,* 747 F.2d at 869–70. A court, however, is not required to "balance both parties' claims and defenses" or to "have a mini-trial before it can impose a default." *Hoxworth,* 980 F.2d at 922. At this juncture, the Court does not have a sufficient factual record to evaluate the meritoriousness of Plaintiff's claims. Count IV is the only the only claim remaining after the Court granted Defendants' Motion to Dismiss Counts I, II, III, V and VI, and the Court will assume for the purpose of the present analysis that Plaintiff's remaining claim has merit. Accordingly, the Court finds that this factor weighs against dismissal.

"*Poulis* requires the District Court only to balance the six factors and does not set one factor forth as determinative.' " *See Williams,* 2011 WL 2119095, at *8 (quoting *Chiarulli,* 2010 WL 1371944, at *4). In this case, the Court finds that, on balance, the *Poulis* factors warrant dismissal of Plaintiff's complaint. Notwithstanding Plaintiff's voluntary filing of this case, since the withdrawal of her attorney, Plaintiff has failed to pursue her case or participate in this matter in any way. Plaintiff's repeated failure to appear or respond to the Orders of this Court demonstrates a pattern of non-compliance with the Court's Orders, a failure to prosecute this matter, which Plaintiff initiated, and an utter disregard of her obligation to this Court. As a result, this Court respectfully recommends that this action be dismissed with prejudice.

## III.   CONCLUSION

For the reasons set forth above;

**IT IS** on this 4th day of May, 2015,

**RECOMMENDED** that Plaintiff's Complaint be **DISMISSED WITH PREJUDICE**; and it is further

**ORDERED** that pursuant to L. Civ. R. 72.1 and Fed. R. Civ. P. 72, objections to this Report and Recommendation shall be filed within fourteen (14) days after service hereof. Any

party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  The Clerk of Court is directed to serve the parties with electronic notice upon filing this Report and Recommendation; and it is further

ORDERED that the Clerk shall serve a copy of this Report and Recommendation on Plaintiff, by mail, at her home address.


/s/ Douglas E. Arpert
DOUGLAS E. ARPERT
United States Magistrate Judge